# NO. 12-19-00165-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE MATTER OF J.C.D.,* | § | *APPEAL FROM THE* |
| | § | *COUNTY COURT AT LAW NO. 1* |
| *A JUVENILE* | | |
| | § | *HENDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

J.C.D. appeals the juvenile court's order of discretionary transfer of his case to adult criminal court. In his sole issue, Appellant challenges the legal and factual sufficiency of the evidence of his age at the time of the offense and the timeliness of the prosecution. We affirm.

### BACKGROUND

The State filed a petition for discretionary transfer in the juvenile court alleging that Appellant committed two felony offenses when he was more than fourteen but less than seventeen years of age. First, it alleged that Appellant engaged in sexual contact with H.M., a child under the age of fourteen, by touching his genitals. Second, it alleged that Appellant caused H.M.'s sexual organ to contact Appellant's mouth.[1] The State further alleged that Appellant was currently twenty-one years of age and it was not practicable to proceed in juvenile court before his eighteenth birthday because the State was not then aware of the allegations.

After a hearing on the matter, the juvenile court found probable cause to believe that Appellant committed the offenses. The court further found that he was over fourteen years of age at the time of the offenses and over eighteen years of age when they were initially reported. Thus, the court found that it was not practicable to proceed before Appellant's eighteenth birthday.

---

[1] Respectively, the acts as alleged constitute indecency with a child by contact and aggravated sexual assault of a child. *See* TEX. PENAL CODE ANN. §§ 21.11(a)(1) (West 2019); 22.021(a)(1)(B)(iii), (a)(2)(B) (West 2019).

Finally, the court found that the welfare of the community requires criminal proceedings in the matter, waived its exclusive original jurisdiction, and ordered the case transferred to district court. This appeal followed.

## EVIDENTIARY SUFFICIENCY

In his sole issue, Appellant argues that the evidence regarding his age at the time of the offenses and the timeliness of the prosecution is legally and factually insufficient to support the transfer order.

### Standard of Review and Applicable Law

Texas juvenile courts have exclusive original jurisdiction over proceedings in cases involving the delinquent conduct of an adult who was a child at the time of the conduct. TEX. FAM. CODE ANN. § 51.04(a) (West Supp. 2018). Delinquent conduct includes conduct other than a traffic offense that violates a penal law and is punishable by imprisonment or confinement in jail. *Id.* § 51.03(a) (West Supp. 2018). "Child" includes a person who is ten years of age or older and under seventeen years of age. *Id.* § 51.02(2)(A) (West Supp. 2018).

Regarding the transfer of such cases, family code Section 54.02(j) provides, in pertinent part, that

> [t]he juvenile court may waive its exclusive original jurisdiction and transfer a person to the appropriate district court or criminal district court for criminal proceedings if:
>
> (1)  the person is 18 years of age or older;
>
> (2)  the person was:
>
>      . . . .
>
>      (B) 14 years of age or older and under 17 years of age at the time the person is alleged to have committed . . . a felony of the first degree other than an offense under Section 19.02, Penal Code; or
>
>      (C) 15 years of age or older and under 17 years of age at the time the person is alleged to have committed a felony of the second or third degree or a state jail felony;
>
> (3)  no adjudication concerning the alleged offense has been made or no adjudication hearing concerning the offense has been conducted;
>
> (4)  the juvenile court finds from a preponderance of the evidence that:
>
>      (A) for a reason beyond the control of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person; or

2

(B) after due diligence of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person because:

(i) the state did not have probable cause to proceed in juvenile court and new evidence has been found since the 18th birthday of the person;

. . . .   and

(5) the juvenile court determines that there is probable cause to believe that the child before the court committed the offense alleged.

*Id.* § 54.02(j) (West 2014).

In a juvenile transfer proceeding, the burden is on the state to produce evidence that persuades the juvenile court, by a preponderance of the evidence, that waiver of its exclusive jurisdiction is appropriate. *Moon v. State*, 451 S.W.3d 28, 45 (Tex. Crim. App. 2014). Facts that must be proven by a preponderance of the evidence are ordinarily susceptible to appellate review for factual sufficiency. *Id.* The facts supporting a juvenile court's transfer order are subject to a sufficiency review on appeal. *See id.* at 47.

We review a juvenile court's findings of fact concerning a transfer decision under traditional sufficiency principles. *In re J.G.*, 495 S.W.3d 354, 369 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). Under a legal sufficiency challenge, we credit evidence favorable to the challenged finding and disregard contrary evidence unless a reasonable fact finder could not reject the evidence. *Id.* at 370. If more than a scintilla of evidence supports the finding, the legal sufficiency challenge fails. *Id.* Under a factual sufficiency challenge, we consider all the evidence presented to determine if the court's findings are so contrary to the great weight and preponderance of the evidence as to be clearly wrong or unjust. *Id.*

**Analysis**

On appeal, Appellant first argues that the evidence is insufficient to support the juvenile court's finding that he was fourteen years of age or older at the time of the acts. He contends that no credible evidence was adduced at the hearing regarding the time of the acts or his age at the time. Second, Appellant argues that the evidence is insufficient to support the juvenile court's finding that it was not practicable to proceed in the matter before his eighteenth birthday. He contends that the evidence shows the State knew about the allegations before Appellant turned eighteen years of age. We disagree that the evidence is insufficient in these respects.

3

Detective Taylor Rice of the Athens Police Department testified that on December 11, 2017, she attended a forensic interview of H.M.'s sister, R.M. After R.M. made an outcry during the interview, the children's mother was concerned that H.M. was also abused. H.M. was interviewed and made an outcry of sexual abuse by Appellant. He gave only approximate ages for himself and Appellant at that time. As far as Rice was aware, this was the first report of the allegations that the Athens Police Department received. Appellant was twenty years old at the time.

Henderson County Chief Juvenile Probation Officer Bonny Turnage testified that the police sent her the case on January 19, 2018. She said that Appellant's date of birth is December 13, 1996, and he was twenty-one years of age at that time. Turnage reviewed her records and found that there were no prior referrals regarding Appellant.

H.M. testified that when he was seven or eight years of age, he and his family lived on South Wofford Street in Athens. He shared a bedroom with Appellant. On one occasion at that house, Appellant put his mouth on H.M.'s penis. This happened a couple of months before they moved from the house, when the weather was "[k]inda coldish, a little bit cold." The month was April or May 2011. H.M. knew that the year was 2011 because his brother was born shortly thereafter. He did not tell anyone that year because he "didn't know how to feel about it" or "how to respond to it" and was "kind of scared of it." The first time H.M. told anyone what happened was on December 11, 2017 after R.M. made her outcry against Appellant.

H.M.'s mother, E.T., testified that the family lived on Wofford Street from the end of 2009 until mid-April 2011. She was certain of the moving date because her younger son was born in July 2011. E.T. first heard of H.M.'s allegations against Appellant in December 2017.

Appellant's mother, H.D., testified that in 2009 or 2010, she participated in some meetings with the Texas Department of Family and Protective Services (the Department) regarding an allegation of physical abuse of H.M. by Appellant. In one of these meetings, H.D. brought up the fact that her children, their father, and E.T. told her there was a claim that Appellant sexually assaulted H.M. She understood that the allegation was subsequently found to be false.

Based on the foregoing evidence, we conclude that the evidence is sufficient to support the juvenile court's findings that Appellant was fourteen years of age or older at the time of the acts and it was not practicable to proceed before his eighteenth birthday. First, regarding Appellant's age at the time of the acts, H.M. testified that the acts occurred in April or May 2011. Based on

Appellant's birthdate of December 13, 1996, we deduce that he was fourteen years of age at the time of the alleged acts. We find no contrary evidence in the record. Although Appellant contends that there is "no credible evidence" that he was fourteen, the juvenile court was the sole judge of the witness's credibility. *See* ***Powell v. State***, 479 S.W.2d 685, 687 (Tex. Crim. App. 1972). Because more than a scintilla of evidence supports the juvenile court's age finding and the finding is not so contrary to the great weight and preponderance of the evidence as to be clearly wrong or unjust, Appellant's legal and factual sufficiency challenges regarding this finding fail. *See* ***J.G.***, 495 S.W.3d at 370.

Second, regarding the juvenile court's finding that is was not practicable to proceed before Appellant's eighteenth birthday, the evidence shows that the State was not aware of the allegations until December 11, 2017. Appellant argues that the State was aware because "[t]he only witness who testified at the hearing with specific recollection of the events clearly remembers a CPS [sic] involving the same allegations." Presuming Appellant is referring to H.D.'s testimony, we disagree that it shows the State knew about the allegations in this case. H.D. testified that sexual abuse allegations were discussed during a Department meeting in 2009 or 2010. The acts in this case are alleged to have occurred in 2011. Therefore, H.D.'s testimony could not support a finding that the State knew about the allegations in this case before Appellant's eighteenth birthday.

Furthermore, we reviewed the family's entire Department record and found no evidence that the State knew about the 2011 allegation before Appellant's eighteenth birthday. Thus, the only relevant evidence shows that the State was not aware of the 2011 allegations before Appellant's eighteenth birthday. We conclude that more than a scintilla of evidence supports the juvenile court's finding that it was not practicable to proceed before Appellant's eighteenth birthday and the finding is not so contrary to the great weight and preponderance of the evidence as to be clearly wrong or unjust. Therefore, Appellant's legal and factual sufficiency challenges regarding this finding fail. *See* ***id.*** Because we reject Appellant's sufficiency challenges, we overrule his sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

GREG NEELEY
Justice

Opinion delivered October 31, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

6



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### OCTOBER 31, 2019

### NO. 12-19-00165-CV

### IN THE MATTER OF J.C.D., A JUVENILE

Appeal from the County Court at Law No. 1
of Henderson County, Texas (Tr.Ct.No. JUV18-0012-CC1)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the Appellant, **J.C.D.**, for which execution may issue, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*