**Opinion issued February 20, 2020**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-18-01014-CR
_____

## EX PARTE CAMERON MICHAEL MOON

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1467534A**

## CONCURRING OPINION

The majority construes Moon's due-process claim as a facial constitutional challenge to section 54.02(j) of the Family Code. Because Moon cannot show that section 54.02(j) is unconstitutional as to all persons subject to the statute, the majority reasons, his facial challenge fails. I concur in the majority's holding.

But lurking below the surface is the question whether Moon could raise his due-process claim as an as-applied constitutional challenge to section 54.02(j) in this appeal from the denial of a pretrial application for the writ of habeas corpus. Under existing precedent, he cannot. I write to urge reconsideration of this precedent.

**BACKGROUND**

In 2008, under section 54.02(a) of the Family Code, the juvenile court waived its jurisdiction and transferred Moon, who was then 16 years old, to stand trial for murder as an adult in the criminal district court. He was tried by a jury, which found him guilty. On appeal, our court held that the juvenile court had erred in waiving its jurisdiction, vacated the conviction, and dismissed the case. The Court of Criminal Appeals affirmed our decision. *See Moon v. State*, 410 S.W.3d 366 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 451 S.W.3d 28 (Tex. Crim. App. 2014).

On remand, in 2015, the juvenile court again waived its jurisdiction and transferred Moon to stand trial for murder as an adult in the criminal district court. This time, the juvenile court relied on section 54.02(j) of the Family Code, as Moon was by then over the age of 18. Moon applied for a writ of habeas corpus, contending that the application of section 54.02(j) denied him the process that he had been due under section 54.02(a). The trial court denied Moon's application. The trial court's order doing so is the subject of Moon's current interlocutory appeal.

## DISCUSSION

### *Moon's Challenge to Section 54.02(j)*

Under section 54.02(a), a juvenile court may transfer to the criminal district court for trial as an adult a person who was 14 years old or older at the time he is alleged to have committed a first-degree felony, like murder, but who remains a child at the time of transfer. *See* TEX. FAM. CODE § 54.02(a)(2)(A). If, however, the person who is alleged to have committed murder as a child has reached his eighteenth birthday, the juvenile court must make any transfer order under section 54.02(j). *See id.* § 54.02(j)(1). Section 54.02(a) imposes requirements for transfer to the criminal district court that section 54.02(j) does not. *See id.* § 54.02(a), (f), (j); *In re J.G.*, 495 S.W.3d 354, 367–68 (Tex. App.—Houston [1st Dist.] 2016, pet. denied).

Moon argues that his second transfer to stand trial as an adult under section 54.02(j) circumvented the additional requirements of section 54.02(a) to which he originally was entitled but denied. *Cf. J.G.*, 495 S.W.3d at 368–69 (rejecting same as-applied due-process claim because juvenile court had applied section 54.02(a)'s requirements in deciding whether to transfer juvenile offender who had since turned 18 to criminal district court for second time under section 54.02(j)). He further argues that the juvenile court can no longer extend him the benefit of section 54.02(a)'s additional transfer requirements because he is now over the age of 18. Thus, Moon asserts, the second transfer order violates his due-process rights.

3

### *As-Applied Pretrial Constitutional Challenges*

Under existing precedent, a defendant generally cannot litigate whether a statute is unconstitutional as applied to him before trial. *See Ex parte Perry*, 483 S.W.3d 884, 895–96 (Tex. Crim. App. 2016) (plurality op.). Exceptions exist for claims involving double jeopardy and bail. *Id.* In *Perry*, however, a majority of the Court decided a pretrial as-applied constitutional challenge in the defendant's favor, even though his claim did not fall within these recognized exceptions. *See id.* at 888, 918. The Court was divided as to when and why an as-applied challenge is cognizable before trial and did not produce a majority opinion on the subject. *See id.* Because the Court did not reach a consensus as to the circumstances under which a pretrial as-applied constitutional challenge may be heard, it is no longer clear what cognizability analysis applies to these claims. *See id.* at 920 (Alcala, J., concurring).

In her plurality opinion in *Perry*, Presiding Judge Keller surveyed the Court's prior decisions. *See id.* at 895–96 (plurality op.). From these decisions, one can discern at least four criteria for assessing when pretrial habeas relief is appropriate. These four criteria are whether:

(1) protection of the applicant's substantive rights or the conservation of judicial resources is better served by interlocutory review;

(2) the result would be the defendant's immediate release (except when double jeopardy is involved);

(3) the resolution of the claim will not be aided by the development of the record at trial; and

4

(4) if the challenge is an as-applied one, the right underlying the challenge would be effectively undermined if not vindicated before trial.

*See id.*

All these criteria favor pretrial consideration of Moon's due-process claim as an as-applied challenge to section 54.02(j). If Moon is correct, then he is:

- entitled to dismissal of the present indictment against him; and

- could not be indicted for this crime again because he cannot receive the benefit of section 54.02(a)'s transfer requirements on account of his age.

*See Moore v. State*, 532 S.W.3d 400, 404–05 (Tex. Crim. App. 2017) (per curiam) (with respect to those who have turned 18, juvenile court generally can only transfer case to criminal district court or dismiss case); *J.G.*, 495 S.W.3d at 363 (same).

Thus, if this court were to rule in Moon's favor, the result would be his immediate release. No further factual development is necessary to assess Moon's due-process claim. Significant judicial resources that otherwise could have been conserved will be wasted if Moon's claim is decided in his favor after trial. Most significantly, section 54.02(a) gives those who committed crimes as a child the right to be adjudicated in juvenile court, rather than being tried as adults, unless specific criteria are satisfied. *See Moon*, 451 S.W.3d at 38 (child has right to remain outside jurisdiction of criminal district court unless juvenile court properly waives its jurisdiction under section 54.02). It is undisputed that Moon did not receive the benefit of section 54.02(a). Requiring Moon to wait until after trial to challenge his

transfer to the criminal district court under 54.02(j) effectively undermines the very right underlying his challenge—the right not be tried in the criminal district court absent compliance with the transfer requirements of section 54.02(a).

## CONCLUSION

Moon's due-process claim is not cognizable as an as-applied constitutional challenge to section 54.02(j) under existing precedent. But it should be. Requiring Moon to be tried as an adult in the criminal district court before we consider whether he is subject to trial there, as we must, makes no sense and serves no purpose.

Gordon Goodman
Justice

Panel consists of Justices Lloyd, Goodman, and Hightower.

Justice Goodman, concurring.

Justice Hightower, concurring.

Publish. TEX. R. APP. P. 47.2(b).