**Opinion issued August 28, 2012.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00146-CV

———————————

## IN RE B.R.H.

———————————

**On Appeal from the 315th District Court**
**Harris County, Texas**
**Trial Court Case No. 2011-03924**

———————————

## OPINION

Relator, B.R.H., seeks mandamus relief from the trial court's November 22, 2011 order denying his motion to dismiss the juvenile complaint against him. We conclude that the trial court did not abuse its discretion in denying the motion. Accordingly, we deny his request for mandamus relief.

## Background

B.R.H. was born on August 4, 1993. In September 2009, on the date of the alleged offense, B.R.H. was sixteen years old. In June 2011, approximately two months before B.R.H.'s eighteenth birthday, the State filed an original petition alleging that he had engaged in delinquent conduct. The State amended its original petition in September 2011. The amended petition was approved by the Grand Jury for Determinate Sentencing.

In September 2011, B.R.H. moved to dismiss the case against him, contending that the juvenile trial court lacked jurisdiction because he had turned eighteen the month before. After a hearing, the trial court denied the motion to dismiss. The trial court's order denying the motion to dismiss includes the following findings:

1. The Petition . . . was filed on June 6, 2011, alleging that the offense occurred prior to the Respondent's eighteenth birthday, which was August 4, 2011, the Respondent having been born on August 4, 1993.

2. The Respondent was detained on the offense . . . and released from detention on May 19, 2011 . . . . The State of Texas filed its petition on June 6, 2011 and the first setting on this case was August 18, 2011, after the date that the respondent turned eighteen years old.

3. The State of Texas was in possession of the offense report in this case in December 2010 and did not charge the Respondent until May 18, 2011. The State of Texas failed to request that the case be docketed prior to Respondent turning eighteen years old.

2

4. On September 30, 2011 the State of Texas filed an Amended Petition which was approved by the Grand Jury for Determinate Sentencing . . . .

5. The State of Texas has used due diligence in prosecuting Respondent.

## Discussion

We review a trial court's interpretation of the law de novo. *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). A trial court has no discretion in determining what the law is or properly applying the law. *In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d 609, 612 (Tex. 2006). A trial court abuses its discretion if it fails to properly interpret the law or applies the law incorrectly. *Id.* Mandamus relief is available to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004).

B.R.H. contends that the trial court abused its discretion in denying his motion to dismiss. Relying on the Texas Supreme Court's decision in *In re N.J.A.*, 997 S.W.2d 554 (Tex. 1999), he maintains that the trial court lacks jurisdiction over the underlying case because he turned eighteen in August 2011, and the State failed to act with diligence in prosecuting the case. B.R.H. also contends that the trial court's order is not supported by the record because the State's amended petition, filed after his eighteenth birthday, "extinguished" the original petition.

3

A juvenile court has exclusive, original jurisdiction over all proceedings involving a person who has engaged in delinquent conduct as a result of acts committed before age seventeen. *See* TEX. FAM. CODE ANN. §§ 51.02, 51.04 (West 2011). A juvenile court does not lose jurisdiction when a juvenile turns eighteen, but its jurisdiction becomes limited. The juvenile court retains limited jurisdiction to either transfer the case to an appropriate court or dismiss the case. *N.J.A.*, 997 S.W.2d at 556; *In re T.A.W.*, 234 S.W.3d 704, 705 (Tex. App.—Houston [14th Dist.] 2007, pet. denied). However, the Texas Family Code provides an exception to this rule, which applies to incomplete proceedings. *In re V.A.*, 140 S.W.3d 858, 859 (Tex. App.—Fort Worth 2004, no pet.). Section 51.0412, which the legislature enacted after the Court decided *N.J.A.*, provides:

> The court retains jurisdiction over a person, without regard to the age of the person, who is a respondent in an adjudication proceeding, a disposition proceeding, a proceeding to modify disposition, or a motion for transfer of determinate sentence probation to an appropriate district court if:
>
> (1) the petition or motion to modify was filed while the respondent was younger than 18 years of age or the motion for transfer was filed while the respondent was younger than 19 years of age;
>
> (2) the proceeding is not complete before the respondent becomes 18 or 19 years of age, as applicable; and
>
> (3) the court enters a finding in the proceeding that the prosecuting attorney exercised due diligence in an attempt to complete the proceeding before the respondent became 18 or 19 years of age, as applicable.

4

TEX. FAM. CODE ANN. § 51.0412 (West Supp. 2011).  The State filed its original petition before B.R.H. turned eighteen, and the proceedings were incomplete at the time of B.R.H.'s eighteenth birthday.  After a hearing, the trial court entered a finding that the prosecutor used due diligence in attempting to complete the proceedings before B.R.H.'s eighteenth birthday, and concluded that section 51.0412 authorized it to retain jurisdiction.

B.R.H. objected to the trial court's jurisdiction in September 2011, before any adjudication hearing.  *See id.* (requiring respondent to object to jurisdiction due to age at adjudication hearing or discretionary transfer hearing, if any).  B.R.H. contends that, despite section 51.0412's exception for incomplete proceedings, the Supreme Court's holding in *N.J.A.* requires dismissal of the suit against him for lack of jurisdiction.  Under *N.J.A.*, a juvenile court retains jurisdiction over the person after he turns eighteen, but that jurisdiction is limited to either dismissing the case or transferring the case to another court under Texas Family Code section 54.02(j).  *See* 997 S.W.2d at 555–56.  Enacted after the Supreme Court's decision in *N.J.A.*, section 51.0412 abrogated *N.J.A.* by expanding juvenile court jurisdiction for cases that meet the statutory criteria.

B.R.H. contends that this proceeding fails to meet the statutory criteria for two reasons.  First, citing Texas Rule of Civil Procedure 65, B.R.H. maintains that the State's amended petition, filed in September 2011, "extinguishes" the original

petition—filed before his eighteenth birthday. Second, he challenges the trial court's finding that the State exercised due diligence in prosecuting the case against him.

Texas Rule of Civil Procedure 65 provides that a substituted instrument takes the place of prior pleadings and "the instrument for which it is substituted shall no longer be regarded as a part of the pleading in the record of the cause, unless some error of the court in deciding upon the necessity of the amendment, or otherwise in superseding it, be complained of, and exception be taken to the action of the court, or unless it be necessary to look to the superseded pleading upon a question of limitation." TEX. R. CIV. P. 65. Amended pleadings relate back to the time of filing of the original petition. *See id.*; TEX. FAM. CODE ANN. 51.17 (rules of civil procedure apply to juvenile cases unless in conflict with juvenile justice code); *cf. Carrillo v. State*, 480 S.W.2d 612, 615 (Tex. 1972) (observing that strict prohibition against amended pleadings applicable to criminal cases does not apply to juvenile proceedings); *In re J.A.D.*, 31 S.W.3d 668, 671 (Tex. App.—Waco 2000, no pet.) (relation back doctrine inapplicable to motion to modify filed after end of probation period in juvenile case because rules of civil procedure conflicted with juvenile justice code provision permitting modifications only during term of probation). The amendment in this case, containing an approval by the Grand Jury for Determinate Sentencing, relates back to the date of the original petition—June

2011. It is undisputed that the State filed the original petition before B.R.H.'s eighteenth birthday. Because the amended petition relates back to the filing date of the original petition—before B.R.H. turned eighteen years old—the statute's requirement that suit be filed before age eighteen has been met. *See* TEX. FAM. CODE ANN. § 51.0412(1).

B.R.H.'s challenge to the trial court's finding that the prosecutor acted diligently in attempting to complete the proceeding before B.R.H.'s eighteenth birthday is similarly unavailing. The Texas Family Code does not define diligence as it is used in section 51.0412. "Due diligence" has been defined, however, in other contexts. *See e.g., Bawcom v. State*, 78 S.W.3d 360, 363 (Tex. Crim. App. 2002) (holding due diligence may be shown by pre-capias diligence); *In re N.M.P.*, 969 S.W.2d 95, 100 (Tex. App.—Amarillo 1998, no pet.) (explaining that due diligence generally requires that party not simply sit on their rights or duties). Due diligence requires the State to "move ahead" or "reasonably explain delays." *In re N.M.P.*, 969 S.W.2d at 100; *see also In re C.B.*, No. 2-05-341-CV, 2006 WL 1791731, at *2 (Tex. App.—Fort Worth June 29, 2006, no pet.) (mem. op., not designated for publication). Due diligence does not require the State to "do everything perceivable and conceivable to avoid delay." *In re N.M.P.*, 969 S.W.2d at 100; *In re C.B.*, 2006 WL 1791731, at *2.

7

Diligence is usually a question of fact that the trial court determines in light of the circumstances of each case. *See In re J.C.C.*, 952 S.W.2d 47, 49–50 (Tex. App.—San Antonio 1997, no pet.) (reviewing trial court's findings on diligence for abuse of discretion). When reviewing factual issues, we defer to the trial court's findings unless the record contains no evidence to support them. *Marcus v. Smith*, 313 S.W.3d 408, 417 (Tex. App.—Houston [1st Dist.] 2009, no pet.). Even if we would have decided the matter differently, we may not disturb the trial court's decision unless it is shown to be arbitrary and unreasonable. *Id*. This is particularly the case with requests for mandamus relief. "[A]n appellate court may not deal with disputed areas of fact in an original mandamus proceeding." *Brady v. Fourteenth Court of Appeals*, 795 S.W.2d 712, 714 (Tex. 1990). Mandamus relief will not lie if the record contains legally sufficient evidence both against and in support of the trial court's decision; weighing conflicting evidence is a trial court function. *In re Pirelli Tire, L.L.C.*, 247 S.W.3d 670, 686 (Tex. 2007, orig. proceeding); *Marcus*, 313 S.W.3d at 417.

B.R.H. maintains that a two-month delay in setting the first hearing—after an approximately five-month delay in bringing charges against him—does not demonstrate diligence in prosecution. But the record contains ample evidence that the State has moved forward with its prosecution by filing charges within the limitations period and about eighteen months after the alleged delinquent conduct

took place, and by promptly amending the petition to request determinate sentencing upon grand jury approval. We hold that some evidence supports the trial court's finding that the State used due diligence in its prosecution of the case. *See e.g., Hooks v. Fourth Court of Appeals*, 808 S.W.2d 56, 60 (Tex. 1991) (court of appeals may not disturb trial court ruling on disputed fact question in mandamus proceeding); *Brady*, 795 S.W.2d at 714; *West v. Solito*, 563 S.W.2d 240,245 (Tex. 1978).

## Conclusion

We conclude that the juvenile court did not abuse its discretion in denying B.R.H.'s motion to dismiss and in retaining the case for adjudication as a pending action under Texas Family Code section 51.0412. We therefore deny the request for mandamus relief.

Jane Bland
Justice

Panel consists of Justices Bland, Massengale and Brown.