# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00476-CV

## In the Matter of D. J. M.

### FROM THE DISTRICT COURT OF FAYETTE COUNTY, 155TH JUDICIAL DISTRICT
### NO. 807, HONORABLE JEFF R. STEINHAUSER JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On July 13, 2013, the State filed an original petition in Fayette County alleging that D.J.M., who was then sixteen years old, had engaged in delinquent conduct, "to wit: Capital Murder . . . by intentionally or knowingly causing the death of an individual" while "in the course of attempting to commit and committing robbery."[1] *See* Tex. Penal Code § 19.03. The petition was supported by the sworn affidavit of an investigator with the Fayette County Sheriff's Office, who stated that on June 17, 2013, D.J.M. was apprehended in connection with the death of a woman in La Grange, Texas. According to the investigator's affidavit, D.J.M. admitted to law enforcement that he had stabbed the victim multiple times with a knife in the course of a physical altercation at her residence, took her car keys, and then drove the victim's vehicle to Smithville, Texas, where he was later apprehended.

---

[1] The petition also alleged that D.J.M. engaged in other delinquent conduct, including murder, *see* Tex. Penal Code § 19.02; aggravated robbery, *see id.* § 29.03; burglary of a habitation, *see id.* § 30.02; and burglary of a building, *see id.* § 30.02.

Following a transfer hearing, the district court, sitting as a juvenile court, signed an order waiving jurisdiction and transferring D.J.M. to "the appropriate criminal district court of Fayette County, Texas for criminal proceedings as an adult." *See* Tex. Fam. Code § 54.02 ("Waiver of Jurisdiction and Discretionary Transfer to Criminal Court"). D.J.M. has filed this interlocutory appeal challenging the transfer order. *See id.* § 56.01(c)(1)(A). For the reasons set forth below, we affirm the juvenile court's order.

## BACKGROUND LAW

The Juvenile Justice Code, Title 3 of the Texas Family Code, governs proceedings in cases involving the delinquent conduct of a person who was a child at the time they engaged in the conduct. *See id.* §§ 51.01-61.107. The juvenile court has exclusive original jurisdiction over juvenile proceedings, *id.* § 51.04(a), and although quasi-criminal in nature, the proceedings are considered civil cases, *see id.* § 51.17 (subject to certain exceptions, or when in conflict with provisions of Juvenile Justice Code, Texas Rules of Civil Procedure govern proceedings under Juvenile Justice Code); *In re Hall*, 286 S.W.3d 925, 927 (Tex. 2009) (noting that juvenile proceedings are civil cases, "although quasi-criminal in nature"). The Juvenile Justice Code provides that, under certain circumstances, a juvenile court may waive its exclusive jurisdiction and transfer an alleged juvenile offender to criminal district court for prosecution. *See* Tex. Fam. Code § 54.02.

Section 54.02 provides two separate procedures for the discretionary transfer of juvenile proceedings, and a determination of which procedure applies generally depends on the age of the juvenile offender at the time of transfer. *See id.* § 54.02(a), (j); *but see id.* § 51.041 (under certain circumstances, juvenile court retains jurisdiction over person, without regard to person's age,

2

in transfer proceeding under Section 54.02(a) that is filed but not completed before person turns eighteen). When the alleged juvenile offender that is the subject of the transfer proceedings is under the age of eighteen, the transfer is governed by subsection (a) of Section 54.02. *See id.* § 54.02(a) ("The juvenile court may . . . transfer a child to the appropriate district court . . . ."). In deciding whether to exercise its discretion to waive jurisdiction under Section 54.02(a), the juvenile court must consider certain non-exclusive statutory factors aimed at balancing "the potential danger to the public" posed by the alleged juvenile offender "with the juvenile offender's amenability to treatment." *Moon v. State*, 451 S.W.3d 28, 38 (Tex. Crim. App. 2014); *see* Tex. Fam. Code § 54.02(f) (listing factors). If the juvenile court decides to waive its jurisdiction and transfer the juvenile, the statute requires the court to "state specifically" in a written order "its reasons for waiver and certify its action, including the written order and findings of the court." *Moon*, 451 S.W.3d at 38 (quoting Tex. Fam. Code § 54.02(h)).

Once the alleged juvenile offender turns eighteen, the juvenile court's jurisdiction is limited, generally, to either dismissing the case or transferring the case to the criminal district court pursuant to section 54.02(j). *Moore v. State*, 532 S.W.3d 400, 405 (Tex. Crim. App. 2017); *In re B.R.H.*, 426 S.W.3d 163, 166 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding); *but see* Tex. Fam. Code § 51.041. To obtain a discretionary waiver of jurisdiction and transfer of a person who is eighteen or older, the State must prove that the requirements of Section 54.02(j) are satisfied. In relevant part, Section 54.02(j) provides that the juvenile court may waive its jurisdiction when:

(1) the person is 18 years of age or older;

(2) the person was:

3

(A) 10 years of age or older and under 17 years of age at the time the person is alleged to have committed a capital felony;

. . .

(3) no adjudication concerning the alleged offense has been made or no adjudication hearing concerning the offense has been conducted;

(4) the juvenile court finds from a preponderance of the evidence that:

    (A) for a reason beyond the control of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person; or

    (B) after due diligence of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person because

    . . .

        (iii) a previous transfer order was reversed by an appellate court or set aside by a district court; and

(5) the juvenile court determines that there is probable cause to believe that the child before the court committed the offense alleged.

Tex. Fam. Code § 54.02(j).

In this case, it is undisputed that D.J.M. was over the age of eighteen when the State filed the petition for waiver of jurisdiction and transfer that resulted in the transfer order that is the subject of this appeal. Consequently, the transfer order is governed by Section 54.02(j).

## STANDARD OF REVIEW

All of D.J.M.'s issues on appeal are, in effect, challenges to the sufficiency of the evidence supporting the juvenile court's discretionary decision to waive jurisdiction and transfer D.J.M. to criminal district court. As an appellate court, we review D.J.M.'s challenges to the juvenile

4

court's findings under traditional standards for reviewing sufficiency of the evidence. *See Collins v. State*, 516 S.W.3d 504, 520 (Tex. App.—Beaumont 2017, pet. denied) ("Because the judge's ruling on a motion for discretionary transfer uses the preponderance of the evidence standard, which is a civil standard of proof, we use the standard of review that we utilize in civil cases to review the court's findings." (citing *Moon*, 451 S.W.3d at 45)). Under a legal sufficiency challenge, we credit evidence favorable to the challenged finding and disregard contrary evidence unless a reasonable factfinder could not reject the evidence. *Moon v. State*, 410 S.W.3d 366, 371 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 451 S.W.3d 28; *In re H.Y.*, 512 S.W.3d 467, 478-79 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). We will not second-guess the factfinder "unless only one inference can be drawn from the evidence." *In re J.G.*, 495 S.W.3d 354, 370 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) (quoting *Faisst v. State*, 105 S.W.3d 8, 12 (Tex. App.—Tyler 2003, no pet.)). If there is more than a scintilla of evidence to support the finding, the no-evidence challenge fails. *Moon*, 410 S.W.3d at 370. Under a factual sufficiency challenge, we consider all of the evidence presented to determine if the court's finding is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *Id*.

We also review the juvenile court's ultimate decision to waive jurisdiction for an abuse of discretion.[2] *In re H.Y.*, 512 S.W.3d at 479 (citing *Moon*, 451 S.W.3d at 47). That is, we

---

[2] In his appellate brief, D.J.M. cites *Moon v. State*, 451 S.W.3d 28 (Tex. Crim. App. 2014), for the proposition that our review of the evidence is limited to the "evidence specifically cited in the transfer order." In *Moon*, the Court of Criminal Appeals considered the scope of an appellate court's review of a juvenile court's transfer order under Section 54.02(a) for sufficiency of the evidence. *See id.* at 49-53. In concluding that an appellate court's review is limited to "the facts as they are expressly found by the juvenile court in its certified order," the Court explained that the legislature had mandated that juvenile courts consider certain factors in deciding whether to transfer

5

evaluate whether the court's decision was "essentially arbitrary, given the evidence upon which it was based, or [whether] it represent[ed] a reasonably principled application of the legislative criteria." *In re J.G.*, 495 S.W.3d at 369 (quoting *Moon*, 451 S.W.3d at 47).

## ANALYSIS

In his first issue on appeal, D.J.M. argues that the transfer was improper because the State failed to meet its burden of proof at the discretionary hearing. According to D.J.M., the evidence is insufficient to support the juvenile court's findings that: (1) there was no prior adjudication for the offense; (2) the State exercised due diligence to obtain an adjudication of the offense in the juvenile court before he turned eighteen; (3) a previous transfer order was reversed by an appellate court or by a district court; and (4) D.J.M. received the statutorily required notice by service of the petition.[3] In his second issue, D.J.M. asserts that the record shows that the summons he received failed to comply with certain statutory requirements. In considering D.J.M.'s arguments, we first examine whether the evidence is sufficient to support the juvenile court's finding that "after due

---

a child under Section 54.02(a) and that the court explicitly state in its order the reasons for its decision. *Id.* at 50 (citing Tex. Fam. Code § 54.02(h)). As previously discussed, because D.J.M. was eighteen years old at the time, the order that is the subject of this appeal is governed by Section 54.02(j). Section 54.02(j) does not require that the juvenile court include specific reasons and cite specific evidence in its written order, and D.J.M.'s reliance on *Moon* is misplaced.

[3] In his brief, D.J.M. also argues that there is insufficient evidence to demonstrate that: (1) "a full investigation [was conducted] as required by statute"; (2) consideration of "the seriousness of the felony offenses" supports a transfer; (3) consideration of "the background of [D.J.M.]" supports a transfer; (4) consideration of D.J.M.'s "sophistication and maturity" supports a transfer; and (5) consideration of "the need to protect the public" does not prohibit a transfer. These findings and considerations are required for discretionary transfers under Section 54.02(a), but they are not required for discretionary transfers under Section 54.02(j). *Compare* Tex. Fam. Code § 54.02(a) *with id.* § 54.02(j). Because our review is governed by Section 54.02(j), we will not address these arguments.

diligence of the State, it was not practicable to proceed in juvenile court before [D.J.M.'s] [eighteenth] birthday." *See* Tex. Fam. Code § 54.02(j)(4)(B). We also consider the related issue of whether there is sufficient evidence to support the juvenile court's finding that "no adjudication hearing has been conducted to this point concerning the felony offenses." *See id.* § 54.02(j)(3).

The record shows that in July 2013, one month before D.J.M.'s seventeenth birthday and within a month of the alleged delinquent conduct, the State filed its original petition in Fayette County Court, acting as juvenile court, alleging that D.J.M. had engaged in delinquent conduct, namely, causing the death of the victim. That same month, the parties filed an agreed motion for a finding of probable cause of unfitness to proceed, which the trial court granted. *See id.* § 55.31 ("Unfitness to Proceed Determination; Examination"). On October 1, 2013, following psychological examinations, but before a hearing on D.J.M.'s fitness to proceed, the juvenile court transferred venue to Victoria County on the State's motion. D.J.M. filed a petition for writ of mandamus in this Court challenging the juvenile court's transfer order, which we conditionally granted. *See In re D.J.M.*, No. 03-13-00713-CV, 2013 Tex. App. LEXIS 15191, at *9 (Tex. App.—Austin Dec. 19, 2013, orig. proceeding) (mem. op.). In compliance with our opinion, the juvenile court vacated its transfer order on December 19, 2013, and the juvenile proceedings were transferred back to Fayette County. On April 30, 2014, at D.J.M.'s request, the proceedings were then transferred from county court in Fayette County to district court on the ground that the presiding judge of the county court was not a licensed attorney. *See* Tex. Fam. Code § 51.04(d). A hearing to determine D.J.M.'s fitness to proceed was then scheduled for May 2014 but postponed at D.J.M.'s request for June, July, and eventually reset to August.

7

On July 17, 2014, the State filed a petition for waiver of jurisdiction and discretionary transfer to criminal court under Section 54.02(a). On August 14, 2014, the juvenile court conducted an evidentiary hearing on the issue of D.J.M.'s fitness to proceed and the same day signed an order finding that D.J.M. was fit to proceed. On August 22, 2014, the juvenile court held a hearing on the State's July 2014 petition to transfer, during which the court received and approved D.J.M.'s waiver of a contested transfer hearing and D.J.M.'s stipulation of evidence relevant for a transfer. At the conclusion of the transfer hearing, the juvenile court granted the petition, waived its jurisdiction, and ordered transfer of the proceeding against D.J.M. to the criminal district court. Seven days later, on August 29, 2014, D.J.M. turned eighteen.

On December 10, 2014, the Court of Criminal Appeals issued its opinion in *Moon v. State*, holding that orders transferring juveniles to criminal district court under Section 54.02(a) must meet certain requirements. 451 S.W.3d at 28. Concerned that the August 2014 transfer order did not comply with the requirements set out in *Moon*, the State filed a motion to set aside the order on May 8, 2018, which was granted on May 21, 2018. That same day, the State filed an amended petition for waiver for jurisdiction and transfer to criminal court. It is the State's May 2018 amended petition that resulted in the June 21, 2018 transfer order that is the subject of this appeal.

"Due diligence requires the State to 'move ahead' or 'reasonably explain delays.'" *In re B.R.H.*, 426 S.W.3d at 168. It does not require the State "to 'do everything perceivable and conceivable to avoid delay.'" *See id.* (quoting *In re N.M.P.*, 969 S.W.2d 95, 100 (Tex. App.—Amarillo 1998, no pet.)). "Diligence is usually a question of fact that the trial court determines in light of the circumstances of each case." *In re B.R.H.*, 426 S.W.3d at 168. Reviewing the evidence

in this case under the applicable standards, and considering only the time period relevant to the determination, we conclude that the record supports the juvenile court's finding that the State exercised "due diligence" in attempting to transfer D.J.M. before his eighteenth birthday. *See Collins*, 516 S.W.3d at 521 (explaining that only delays before juvenile's eighteenth birthday are relevant in assessing due diligence under section 54.02(j)); *In re J.G.*, 495 S.W.3d at 371 (holding that four-month period of time between State's initial petition and filing of petition to transfer was not unreasonable delay and satisfied due-diligence element of Section 54.02(j)); *In re B.R.H.*, 426 S.W.3d at 168 (holding that five-month delay in bringing charges and two-month delay in setting hearing was not unreasonable and due-diligence finding was supported by sufficient evidence). In addition, the record supports the juvenile court's findings that "no adjudication hearing has been conducted," *see* Tex. Fam. Code § 54.02(j)(3), "a previous transfer order was set aside by a district court," *see id.* § 54.02(j)(4)(B)(iii), and, consequently, "it was not practicable to proceed in juvenile court before the [eighteenth] birthday of [D.J.M.]," *see id.* § 54.02(j)(4)(B).

Next, we address D.J.M.'s arguments regarding notice requirements under Section 54.02(k). *See id.* § 54.02(k). During the hearing on the State's May 2018 amended petition to transfer, counsel for D.J.M. objected to the proceedings on the ground that D.J.M. had not received proper notice. Specifically, counsel asserted that notice was improper because the State's petition and the summons failed to identify Section 54.02(j) as the applicable discretionary transfer procedure. When asked by the court whether he was seeking a postponement of the proceedings on this ground, counsel indicated that he was not seeking postponement but was instead requesting that the court

9

dismiss the State's petition for discretionary transfer and that it dismiss the underlying juvenile proceedings entirely. The trial court overruled the objection and denied his request for a dismissal.

Section 53.06 provides that a juvenile court "shall direct issuance of a summons" to the child named in the petition, among others, and a "copy of the petition must accompany the summons." Tex. Fam. Code § 53.06(a), (b). In addition, when applicable, "the summons must state that the hearing is for the purpose of considering waiver of jurisdiction under Subsection (j)." *Id.* § 54.02(k). The record in this case includes a copy of a summons directed to D.J.M., and the return of service on the summons states that it was hand delivered to D.J.M. by an officer with the Fayette County Sheriff's Office. *See Sanchez v. State*, Nos. 13-02-00170-CR, 13-02-00175-CR, 2004 Tex. App. LEXIS 5841, at *4 (Tex. App.—Corpus Christi July 1, 2004, no pet.) (mem. op.) ("In a juvenile proceeding, an officer's return of service which is valid on its face carries a presumption of the truth of the facts stated on the return and that service and return were true and regular." (citing *Suave v. State*, 638 S.W.2d 608, 610 (Tex. App.—Dallas 1982, pet. ref'd))). In addition, the summons states on its face that: (1) on May 21, 2018, the State filed a petition seeking discretionary transfer to the criminal court; (2) D.J.M. was "over the age of ten years and younger than seventeen years of age at the time of the delinquent conduct"; (3) D.J.M. was twenty-one years old at the time of the filing of the State's petition; (4) allegations of D.J.M.'s delinquent conduct are "more fully set out in the petition seeking discretionary transfer . . . which is attached herewith and reference to which is hereby made"; and (5) a hearing on the petition seeking discretionary transfer will occur on June 21, 2018, at 10:00 a.m., at the Fayette County Courthouse. The State's May 2018 amended transfer petition includes the allegation that "after due diligence of the State it was not practicable

10

to proceed in juvenile court before the [eighteenth] birthday of [D.J.M.] because a previous transfer order was set aside by a district court since the [eighteenth] birthday of [D.J.M.]."

Where a summons in a juvenile proceeding attaches and incorporates by reference the State's petition, we may look to both to determine compliance with Section 54.02. *See In re A.M.V.*, No. 13-17-00317-CV, 2017 Tex. App. LEXIS 10283, at *5-6 (Tex. App.—Corpus Christi Nov. 2, 2017, no pet.) (mem. op.) (citing *Hardesty v. State*, 659 S.W.2d 823, 825 (Tex. Crim. App. 1983)). Here, the summons and the petition, which was attached and incorporated by reference, recite specific elements required for discretionary transfer under Section 54.02(j) that are not found in Section 54.02(a), including the fact that the State was proceeding against D.J.M. as a person over the age of eighteen and that after due diligence of the State it was not practicable to proceed in juvenile court before D.J.M. turned eighteen due to the setting aside of a prior transfer order. *See* Tex. Fam. Code § 54.02(j). Based on the record before us, we conclude that D.J.M. received a summons and petition and that the summons is in compliance with Section 54.02(k). *See In re A.M.V.*, 2017 Tex. App. LEXIS 10283, at *6 (holding that summons and incorporated petition satisfied Section 54.02(k), although neither document expressly cited Section 54.02(j)); *see Polanco v. State*, 914 S.W.2d 269, 271 (Tex. App.—Beaumont 1996, pet. ref'd) (summons notifying appellant to appear and to hear "petition for discretionary transfer" complied with Section 54.02(k)).

Having concluded that the evidence is sufficient to support the juvenile court's findings, and considering the evidence upon which the juvenile court's decision is based, we cannot conclude that the court abused its discretion in granting the State's May 2018 amended petition for waiver of jurisdiction and discretionary transfer to criminal court.

**CONCLUSION**

Having overruled D.J.M.'s issues on appeal, we affirm the juvenile court's order waiving jurisdiction and transferring D.J.M. to criminal district court.

_____

Chari L. Kelly, Justice

Before Chief Justice Rose, Justices Triana and Kelly

Affirmed

Filed:   January 14, 2019