Opinion filed April 15, 2021



In The

# Eleventh Court of Appeals

_____

## No. 11-20-00238-CV
_____

## IN THE MATTER OF B.W.K., A JUVENILE

**On Appeal from the Juvenile Court**
**Taylor County, Texas**
**Trial Court Cause No. 5557-J**

### MEMORANDUM OPINION

This is an accelerated appeal from an order in which the juvenile court waived its jurisdiction over B.W.K., Appellant, and transferred the cause to a criminal district court. *See* TEX. FAM. CODE ANN. § 54.02(j) (West 2014), § 56.01(c)(1)(A), (h), (h-1) (West Supp. 2020). In his first two issues on appeal, Appellant asserts that the evidence was legally and factually insufficient to support the juvenile court's finding that, despite the State's use of due diligence, it was not practicable to proceed in juvenile court before Appellant's eighteenth birthday because the State did not have probable cause to proceed in juvenile court at that time and because new evidence has been found since Appellant's eighteenth birthday. *See id.*

§ 54.02(j)(4)(B)(i).  In his third issue, Appellant asserts that the juvenile court's decision was arbitrary and constituted an abuse of discretion.  We affirm.

## I. *Factual Background*

The State alleges that Appellant committed the offenses of aggravated sexual assault of a child and indecency with a child by contact in 2013 when Appellant was fifteen years old.  *See* TEX. PENAL CODE ANN. §§ 22.021, 21.11 (West 2019).  Because Appellant was fifteen years old when the offenses were allegedly committed, this proceeding was filed in juvenile court.  However, because Appellant was no longer a juvenile at the time this proceeding was filed, the State filed a petition for discretionary transfer to a criminal district court.  The State alleged in its petition that, despite the State's due diligence, it was not practicable to proceed in juvenile court before Appellant's eighteenth birthday because the State did not have probable cause to proceed in juvenile court at that time and because new evidence had been discovered after Appellant's eighteenth birthday.

The juvenile court held a hearing on the State's petition for discretionary transfer.  Testimony presented at the hearing revealed that the first allegation against Appellant arose in 2011, when the victim, D.M., was four years old.  D.M.'s mother overheard him talking in his sleep; D.M. said in his sleep: "[Appellant], no, don't touch my butt, that hurts."  The second allegation occurred in 2013, when D.M. was six years old and was undergoing a psychiatric evaluation at a behavioral health facility in Abilene.  The notes from the facility indicated that D.M. had informed his case manager at the facility of "possible sexual abuse" by D.M.'s uncle (Appellant is D.M.'s uncle) and that the case manager had made a "CPS report."  D.M.'s mother, after talking to the case manager, informed the police that D.M. had made an outcry to the psychiatrist and the case manager "in reference to [Appellant] pulling his private parts out and grabbing [D.M.'s] hand and placing it on his penis to jack him off."  According to the mother's report to the police, D.M. had "outcried to [the

2

doctor] that the uncle then was trying to get [D.M.] to give him oral sex but [D.M.'s] father walked into the room interrupting them." Although the police investigated the 2011 and 2013 allegations, D.M. made no outcry of sexual abuse during his forensic interviews that were conducted as a result of those allegations.

Subsequently, in 2018, D.M. wrote a letter to his mother. This letter precipitated another report to the police. In the letter, D.M. stated that Appellant "used to force [D.M.] to suck on his private as much as [D.M. could], so he took out his private and made [D.M.] suck it [while] he was playing on his game and used to push [D.M.'s] head down on it." In his 2018 forensic interview, D.M. "gave a good outcry of sexual abuse" against Appellant. Appellant was subsequently interviewed by Detective John Wilson about the allegations made by D.M. Appellant admitted during this interview that, on two or three occasions, Appellant had put D.M.'s hand on Appellant's penis, "masturbating him," and that D.M. had performed oral sex on Appellant one time when Appellant was fifteen years old.

## II. *Applicable Statute*

After filing the case against Appellant in juvenile court, the State later moved for transfer pursuant to Section 54.02(j) of the Family Code. Section 54.02(j) sets out the requirements for the discretionary transfer of a person who was a juvenile at the time of the alleged offense but has since turned eighteen prior to being adjudicated as a juvenile. *See In re N.J.A.*, 997 S.W.2d 554, 556–57 (Tex. 1999) (holding that, if the person is over age eighteen and if the criteria of Section 54.02(j) are not satisfied, the juvenile court's only option is to dismiss the case[1]). To transfer the case to a criminal district court after a person's eighteenth birthday, the juvenile

---

[1]We note that, after the supreme court issued its opinion in *N.J.A.*, the legislature revised the Family Code to add an exception that permits a juvenile court to retain jurisdiction over incomplete proceedings after the respondent has turned eighteen if the petition or motion was filed before the respondent turned eighteen. *See* FAM. § 51.0412; *Moore v. State*, 532 S.W.3d 400, 404 n.4 (Tex. Crim. App. 2017). That exception does not apply here because the petition was not filed until after Appellant turned eighteen.

court must find, by a preponderance of the evidence, that the State has satisfied the requirements of Section 54.02(j), which provides essentially that the delay in proceeding to adjudication occurred because of reasons outside the control of the State. *Moore v. State*, 446 S.W.3d 47, 52 (Tex. App.—Houston [1st Dist.] 2014), *aff'd*, 532 S.W.3d 400 (Tex. Crim. App. 2017). Section 54.02(j) provides in relevant part that a juvenile court may waive its jurisdiction and transfer a person to a district court for criminal proceedings if:

> (1) the person is 18 years of age or older;
>
> (2) the person was:
>
> > . . . .
>
> > (B) 14 years of age or older and under 17 years of age at the time the person is alleged to have committed an aggravated controlled substance felony or a felony of the first degree other than an offense under Section 19.02, Penal Code; or
>
> > (C) 15 years of age or older and under 17 years of age at the time the person is alleged to have committed a felony of the second or third degree or a state jail felony;
>
> (3) no adjudication concerning the alleged offense has been made or no adjudication hearing concerning the offense has been conducted;
>
> (4) the juvenile court finds from a preponderance of the evidence that:
>
> > . . . .
>
> > (B) after due diligence of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person because:
>
> > > (i) the state did not have probable cause to proceed in juvenile court and new evidence has been found since the 18th birthday of the person;
>
> > > . . . . and

4

> (5) the juvenile court determines that there is probable cause to believe that the [person] before the court committed the offense alleged.

FAM. § 54.02(j). Here, the juvenile court made the requisite findings under Section 54.02(j).

### III. *Standard of Review*

In an appeal from an order in which a juvenile court waives its jurisdiction and enters a discretionary transfer order, an appellate court applies an abuse-of-discretion standard of review to the juvenile court's decision to transfer.[2] *In re S.G.R.*, 496 S.W.3d 235, 239 (Tex. App.—Houston [1st Dist.] 2016, no pet.); *Bleys v. State*, 319 S.W.3d 857, 861 (Tex. App.—San Antonio 2010, no pet.); *State v. Lopez*, 196 S.W.3d 872, 874 (Tex. App.—Dallas 2006, pet. ref'd); *Faisst v. State*, 105 S.W.3d 8, 12 (Tex. App.—Tyler 2003, no pet.). Absent an abuse of discretion, an appellate court will not disturb a juvenile court's transfer and certification order. *Bleys*, 319 S.W.3d at 861; *Faisst*, 105 S.W.3d at 12. On appeal, the reviewing court considers the sufficiency of the evidence when addressing whether the juvenile court abused its discretion by entering a transfer order. *Bleys*, 319 S.W.3d at 861; *Faisst*, 105 S.W.3d at 12. A trial court's findings of fact are reviewed by the generally applicable standards of review for legal and factual sufficiency. *Bleys*, 319 S.W.3d at 861; *Faisst*, 105 S.W.3d at 12.

Here, Appellant challenges both the legal and factual sufficiency of the evidence. To review the legal sufficiency of the evidence in support of a trial court's finding, we review the record—crediting evidence favorable to the finding and disregarding contrary evidence unless a reasonable factfinder could not reject the

---

[2]We note that Appellant relies upon the standard of review set forth in *Moon v. State*, 451 S.W.3d 28 (Tex. Crim. App. 2014). However, in *Ex parte Thomas*, No. WR-89,128-01, 2021 WL 1204352, at *7, 9 (Tex. Crim. App. Mar. 31, 2021), the Court of Criminal Appeals recently disavowed and overruled its previous holding in *Moon*, an opinion in which the court not only required juvenile courts to enter case-specific findings of fact under Section 54.02(f) but also set forth an appellate standard of review based on such findings. *See Moon*, 451 S.W.3d at 38, 46–47. We further note that Section 54.02(f) is not applicable to this case.

evidence—and will uphold the finding if it is supported by more than a scintilla of evidence. *In re J.G.*, 495 S.W.3d 354, 370 (Tex. App.—Houston [1st Dist.] 2016, pet. denied); *see City of Keller v. Wilson*, 168 S.W.3d 802, 813, 827 (Tex. 2005). To review the factual sufficiency of the evidence in support of a trial court's finding, we consider and weigh all the evidence in a neutral light and will set aside the finding only if the evidence is so weak or the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *See Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986); *J.G.*, 495 S.W.3d at 370. Because the judge of the juvenile court acted as the factfinder during the hearing, it was the juvenile court's role to decide what inferences to draw from the testimony, what weight specific testimony deserved, and which witnesses were credible. *See City of Keller*, 168 S.W.3d at 819.

IV. *Analysis*

A. *Sufficiency of the Evidence*

The only finding challenged by Appellant on appeal is the finding made pursuant to Section 54.02(j)(4)(B)(i). Appellant challenges the factual sufficiency of the evidence in his first issue on appeal and the legal sufficiency of the evidence in his second issue.

Section 54.02(j)(4)(B)(i) requires the State to exercise *due diligence* in proceeding in juvenile court—a term that suggests the investigation must be reasonable given the information that was gathered during the investigation. *See Collins v. State*, 516 S.W.3d 504, 525 (Tex. App.—Beaumont 2017, pet. denied). The Texas Family Code does not define due diligence as it is used in Section 54.02. However, due diligence in this context has been defined by our sister courts as requiring the State to "move ahead" or to "reasonably explain delays." *In re B.R.H.*, 426 S.W.3d 163, 168 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding) (quoting *In re N.M.P.*, 969 S.W.2d 95, 100 (Tex. App.—Amarillo 1998, no pet.)).

6

Diligence is usually a fact question that the trial court determines considering the circumstances of each case. *Id.* Nevertheless, officials charged with investigating a juvenile case are not required to "do everything perceivable and conceivable to avoid delay." *In re K.T.S.*, No. 01-18-00778-CV, 2018 WL 6318515, at *11 (Tex. App.—Houston [1st Dist.] Dec. 4, 2018, no pet.) (mem. op.) (quoting *B.R.H.*, 426 S.W.3d at 168).

Here, the evidence shows that, in 2011 and again in 2013, the police began investigating an allegation of sexual abuse committed by Appellant against D.M. In 2011, D.M. was interviewed, but no allegation of abuse was made. When the police attempted to follow through with the 2013 investigation, they were unable to reach D.M.'s mother; she and her children had evidently moved away from Abilene. The police located the family a few months later in Midland and scheduled a courtesy forensic interview there at the Children's Advocacy Center. However, D.M., again, made no outcry during this forensic interview. According to the police report, the "General Inquiry case" regarding possible sexual abuse of D.M. by Appellant was therefore closed at that time. In light of the reasonableness of the investigation and the reasonable explanation for the delay in moving forward with the case that had been filed against Appellant, we hold that the evidence is legally and factually sufficient to support the juvenile court's finding of due diligence by the State.

Next, we must address the juvenile court's finding that the State did not have probable cause to proceed in juvenile court before Appellant's eighteenth birthday and that new evidence was discovered after Appellant's eighteenth birthday. The letter written by D.M., the substance of his 2018 forensic interview, and Appellant's admissions during his interview with Detective Wilson all constituted new evidence that was discovered after Appellant's eighteenth birthday.

Thus, the remaining question is whether the State had probable cause to proceed in juvenile court prior to Appellant's eighteenth birthday. Probable cause

7

has been defined as "sufficient facts and circumstances to warrant a prudent person to believe that the suspect had committed or was committing the offense." *N.M.P.*, 969 S.W.2d at 100. The probable cause standard embraces a practical, common sense approach. *Id.* Based on the detective's testimony regarding the conduct and diligence of the police in investigating the 2011 and 2013 allegations; the detective's testimony that the police did not possess enough evidence to proceed against Appellant until 2018, well after Appellant's eighteenth birthday; the lack of a detailed outcry from D.M. in 2011 or 2013; and D.M.'s failure to make any outcry during his 2014 forensic interview, we conclude that the juvenile court did not abuse its discretion by finding that, because of the lack of probable cause, it was not practicable to proceed with this case in juvenile court before Appellant's eighteenth birthday.

Because the juvenile court could have reasonably inferred that the State acted diligently in investigating the case before Appellant turned eighteen and that, despite the exercise of diligence, the investigation that occurred before Appellant turned eighteen failed to develop sufficiently reliable evidence to allow the State to develop probable cause to proceed with a case proving that Appellant had engaged in delinquent conduct, this court may not substitute its own opinion even if this court's opinion might differ. *See Collins*, 516 S.W.3d at 524. We hold that the juvenile court could have reasonably made the necessary inferences to justify its transfer order based upon the evidence presented at the transfer hearing. Accordingly, we overrule Appellant's first and second issues.

### B. Discretionary Transfer

To address Appellant's final issue, we must determine whether the juvenile court abused its discretion when it ultimately waived its jurisdiction and transferred Appellant to the district court for criminal proceedings. A court abuses its discretion if it acts without reference to guiding rules or principles. *In re Nat'l Lloyds Ins. Co.*,

507 S.W.3d 219, 226 (Tex. 2016); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). The record here shows that the juvenile court considered the applicable statutory requirements of Section 54.02(j) and that, as set forth above, the juvenile court's findings were based on those statutory requirements and were reasonable given the evidence that was admitted at the transfer hearing. Accordingly, we hold that the juvenile court did not abuse its discretion when it transferred Appellant to the district court for criminal proceedings. *See Collins*, 516 S.W.2d at 526. We overrule Appellant's third issue on appeal.

## V. *This Court's Ruling*

We affirm the order of the juvenile court.


W. STACY TROTTER

JUSTICE


April 15, 2021

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.