

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-20-00418-CV

**IN THE MATTER OF N.G.W.**

From the 289th Judicial District Court, Bexar County, Texas
Trial Court No. 2018JUV01204
Honorable Carlos Quezada Jr., Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: October 27, 2021

AFFIRMED

Appellant N.G.W. turned eighteen while his case was pending adjudication in the juvenile court and now appeals his adjudication for aggravated sexual assault on the grounds that the trial court abused its discretion by implicitly finding that the State exercised due diligence in bringing N.G.W. to court to complete the proceedings. The State argues that 1) N.G.W. waived this argument by not objecting in the trial court and 2) the trial court did not abuse its discretion by implicitly finding that the State did exercise due diligence under Texas Family Code section 51.0412 (Jurisdiction Over Incomplete Proceedings). Based on the trial court record and the arguments presented, we affirm the trial court's ruling.

## BACKGROUND

When N.G.W. was a teenager, he sexually assaulted a young neighbor twice. The victim was reluctant to tell anyone about the assaults and did not outcry until two or three years later. The State filed a petition against N.G.W. in the juvenile court alleging aggravated sexual assault. N.G.W. was seventeen years old. When the case was originally set for trial, N.G.W. signed a form acknowledging the trial date. However, he did not appear at trial, and a warrant issued for his arrest. The State's assigned prosecutor tried several times to contact N.G.W. or his parents by telephone but could not reach them. Ten months later, N.G.W. learned that a warrant had issued for his arrest, and he turned himself in. The case proceeded to trial, but the trial court *sua sponte* held a hearing before voir dire to determine if it retained jurisdiction under Texas Family Code section 51.0412 (Jurisdiction Over Incomplete Proceedings).

The trial court heard testimony of N.G.W.'s signed acknowledgment form and the State's attempts to reach N.G.W. and his family. The court began to enter findings, but N.G.W.'s attorney interrupted to present testimony from N.G.W. The trial court heard how N.G.W. learned about the warrant and turned himself in. The trial court proceeded to trial. A jury found that N.G.W. had engaged in delinquent conduct. N.G.W. was released pending disposition. He was eighteen years old at the time of trial and disposition. The trial court sentenced him to five years juvenile probation. N.G.W. was transferred to adult probation a week later upon motion of the State. N.G.W. now appeals his adjudication.

## ISSUE OF WAIVER

### Parties' Arguments

N.G.W. argues that the trial court abused its discretion by implicitly finding that the State's efforts to move the case forward to trial amounted to due diligence, as required for the juvenile court to retain jurisdiction of a pending adjudication under Texas Family Code section 51.0412.

N.G.W. did not object at the pretrial hearing below. He now objects to the trial court's implicit finding regarding the State's diligence and argues that the issue is not subject to waiver under Texas Rule of Appellate Procedure 33.1 because it pertains to jurisdiction. The State argues in response that it is possible to waive personal jurisdiction, and that N.G.W. waived this point of error by not raising it at trial with the juvenile court.

**Law**

Under Texas Rule of Appellate Procedure 33.1(a), a complainant must show that he raised his point of error in the trial court as a prerequisite to appellate review. *See* TEX. R. APP. P. 33.1(a); *In re C.D.H.*, 273 S.W.3d 421, 426 (Tex. App.—Texarkana 2008, no pet.); *In re C.C.*, 13 S.W.3d 854, 859 (Tex. App.—Austin 2000, no pet.). One exception to this rule is subject matter jurisdiction, which cannot be waived. *In re E.D.C.*, 88 S.W.3d 789, 792 (Tex. App.—El Paso 2002, no pet.) (citing *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000)); *In re A.D.D.*, 974 S.W.2d 299, 303 (Tex. App.—San Antonio 1998, no pet.). Personal jurisdiction, however, can be waived. *In re E.D.C.*, 88 S.W.3d at 792; *In re A.D.D.*, 974 S.W.2d at 303.

Personal jurisdiction "concerns the court's power to bind a particular person or party…." *In re A.D.D.*, 974 S.W.2d at 303 (citing *CSR Ltd. v. Link*, 925 S.W.2d 591, 594 (Tex.1996)). Under Texas Family Code section 51.0412, the juvenile court may bind the juvenile defendant if his case began in the court prior to the juvenile turning eighteen or nineteen years old, if it is pending when he turns eighteen or nineteen, and if the State exercised due diligence in attempting to complete the proceeding before the juvenile's eighteenth or nineteenth birthday. TEX. FAM. CODE ANN. § 51.0412; *In re J.C.W.G.*, 613 S.W.3d 560, 566 (Tex. App.—San Antonio 2020, no pet.); *In re B.R.H.*, 426 S.W.3d 163, 167 (Tex. App.—Houston [1st Dist.] 2012, no pet.). The question of due diligence is a factual determination for the trial court to consider in its discretion. *See J.C.W.G.*, 613 S.W.3d at 567; *In re B.R.H.*, 426 S.W.3d at 168.

**Analysis**

N.G.W. concedes that the juvenile court met the administrative requirements of Texas Family Code section 51.0412, and he raises no constitutional due process issue. N.G.W.'s sole complaint is that the juvenile court was wrong to decide that the State exercised due diligence in moving the case forward after he failed to appear for trial. He argues that *ipso facto* his case should be dismissed, relying on *In re J.C.W.G.* in which the juvenile defendant objected to a finding that the State's efforts constituted due diligence.

Because the statute at issue here deals with the juvenile court's authority to bind the juvenile defendant when his case is pending in the court on his eighteenth or nineteenth birthday, we conclude that it pertains to personal jurisdiction rather than subject matter jurisdiction. *See In re A.D.D.*, 974 S.W.2d at 303. Personal jurisdiction is waived if not raised in the juvenile court. *See id*. Therefore, when the juvenile court held a hearing on the State's due diligence efforts *sua sponte*, presenting N.G.W. with the opportunity to explain to the trial court why he believed that the State's efforts did not meet the standard of due diligence, and N.G.W. raised no objection or request on the issue, he waived the issue for purposes of appellate review. *See* TEX. R. APP. P. 33.1(a).

**CONCLUSION**

Because we conclude that N.G.W. is precluded from raising his objection to the State's due diligence for the first time on appeal, we therefore conclude that N.G.W. waived his sole point of error. We affirm the trial court's judgment.

Patricia O. Alvarez, Justice